UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-417-RJC

| | |
|---|---|
| WILLIAM HENRY MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ALEX SAINE, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Plaintiff's motion for entry of default. (Doc. No. 19). For the reasons that follow, this motion will be denied.

In his complaint, Plaintiff named "Mattos Michealle" as an officer that arrested him in Charlotte on October 25, 2010. Plaintiff filed a complaint and later a letter with the Court on February 7, 2012, which the Court construed as a motion to amend his complaint. In his letter, Plaintiff states that he cannot identify the arresting officer by name, but only by the badge number listed on his arrest form. (Doc. No. 14). The Court allowed Plaintiff's motion to amend his complaint to include "John Doe" as the arresting officer and ordered the Charlotte-Mecklenburg County Police Department ("CMPD") to provide the actual name of the arresting officer. (Doc. No. 17 at 1-2). The CMPD complied and the Court substituted Alex Saine as the arresting officer on March 27, 2012. (Doc. No. 18).

On July 6, 2012, Plaintiff filed the present motion for entry of default. (Doc. No. 19). Plaintiff contends that as Alex Saine has been identified as the arresting officer and the officer has not filed an answer or otherwise replied to the amended complaint, he should be entitled to

1

an entry of default.

Rule 55(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." While Alex Saine was substituted as the alleged arresting officer, no summons was issued until August 6, 2012, one month after Plaintiff filed for entry of default. See (Doc. No. 21: Summons). Following service of process, Defendant Saine, by and through counsel, filed a timely answer to the complaint on September 13, 2012. See (Doc. Entry, Aug. 29, 2012: Setting Deadline for Answer or Response of Sept. 14, 2012).

An action is "commenced by filing a complaint with the court." Fed. R. Civ. P. 3. The Rules further provide that a summons must be served on the defendant along with a copy of the complaint. See Fed. R. Civ. P. 4(c)(1). In this case, Defendant was served by the U.S. Marshals Service and was not obligated to respond under the Rules until September 14, 2012. As Defendant Saine filed a timely answer, he was not in default.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Entry of Default is **DENIED**. (Doc. No. 19).

Signed: February 13, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

2