**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:11-cv-417-RJC**

| | | |
|---|---|---|
| **WILLIAM HENRY MORRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **ALEX SAINE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on its own motion after reviewing pending cases on

the Docket.

Plaintiff initiated this civil action under 42 U.S.C. § 1983 while he was detained in the

Mecklenburg County jail. Plaintiff's complaint alleges various civil rights violations which

include claims of excessive force. Plaintiff alleges that the defendant, whom he identifies as a

police officer with the Charlotte-Mecklenburg Police Department, slammed him into a car while

he was restrained in handcuffs following his arrest on October 25, 2010. Plaintiff contends that

he was subjected to excessive force by the defendant and sustained injuries including a chipped

tooth and other pain and suffering.

The Court conducted an initial review of Plaintiff's complaint and ordered that the U.S.

Marshals Service should serve the defendant with process. The defendant filed an answer

denying the allegations of excessive force and other material allegations. On April 29, 2013, the

Court entered a Pretrial Order and Case Management Plan which provided that discovery must

be completed by August 15, 2013, and all dispositive motions must be filed by September 15,

1

2013. This Pretrial Order was mailed to the parties that same day. (Doc. No. 27). On May 9,

2013, the Clerk of Court docketed a notice that the Pretrial Order had been returned to the clerk's

office with a notation from the Mecklenburg County jail that Plaintiff was no longer incarcerated

there. (Doc. No. 28).

The Plaintiff has apparently been released from custody and he has not provided the

Court with a present address. The Pretrial Order, which governs the scheduling of his case, was

returned as undeliverable. The burden of proving the allegations in his complaint is placed

squarely on the Plaintiff. While the Court is mindful that Plaintiff is proceeding pro se, it is not

the responsibility of the Court to locate parties in an effort to ensure that their case continues to

progress through the judicial system.

Plaintiffs have a general duty and responsibility to prosecute their cases, and this includes

the obligation to provide the Court with a current address.  See Carey v. King, 856 F.2d 1439,

1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address

constitutes a failure to prosecute.  Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a
> defendant may move to dismiss the action or any claim against it. Unless the
> dismissal order states otherwise, a dismissal under this subdivision (b) and any
> dismissal not under this rule--except one for lack of jurisdiction, improper venue,
> or failure to join a party under Rule 19--operates as an adjudication on the merits.

The Clerk of Court will be directed to send a copy of this Order to Plaintiff's last known

address and Plaintiff is directed to notify the Court of a current address within fourteen (14) from

entry of this Order. Failure to so notify the Court will result in Plaintiff's case being dismissed

for failure to prosecute without further notice.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall provide the Court with current

information on his address within fourteen (14) days from entry of this Order. <u>Failure to comply with this Order within fourteen (14) days from its entry will result in dismissal of Plaintiff's Complaint.</u>

      The Clerk of Court is directed to send a copy of this Order to Plaintiff's last known address.

Signed: August 19, 2013

Robert J. Conrad, Jr.
United States District Judge