UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-417-RJC

| | | |
|---|---|---|
| WILLIAM HENRY MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ALEX SAINE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on consideration of Defendant's motion for summary judgment as to the claims raised by Plaintiff in his pro se complaint which is filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, Defendant's motion for summary judgment will be granted and the complaint will be dismissed with prejudice.

## I.     BACKGROUND

### A.     Complaint

According to Plaintiff's complaint, on the night of October 25, 2010, Plaintiff was in the company of another male, and two white females as they sat in a vehicle in the parking lot of a hotel that was located off the Billy Graham Parkway. Officer Alex Saine,[1] of the Charlotte-Mecklenburg Police Department (CMPD), approached them while they were still in their vehicle and asked if they had identification; however, none of the individuals could produce identification. Officer Saine then placed Plaintiff in handcuffs and his body was searched, both on the inside and outside of his clothing. Plaintiff alleges that Officer Saine declared that he

---

[1] Officer Mattos Michealle was originally named as the defendant in the complaint but Officer Alex Saine was substituted as defendant after it was determined that it was Officer Saine, and not Officer Michealle that was the arresting officer on October 25, 2010. See (Doc. No. 17: Order; Doc. No. 18: Letter from CMPD).

knew Plaintiff was in possession of drugs and he proceeded to search his private parts. In a follow-up search, Plaintiff contends that Officer Saine slammed him onto the back of the car, chipping one of Plaintiff's teeth in the process. Plaintiff states that the two female companions were never searched and that while Officer Saine was trying to locate information about Plaintiff in his computer, the officer called him a racial epithet. Plaintiff was then taken to the "jailhouse" because he had an active warrant for his arrest. (3:11-cv-417, Doc. No. 1: Complaint at 4).[2]

## II.     SUMMARY JUDGMENT

Summary judgment is appropriate in cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying summary judgment to motion to vacate). Any permissible inferences which are drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). However, when the record taken as a whole could not lead a trier of fact to find for the non-moving party, granting summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Id.  If the evidence is merely colorable, or is not significantly probative,

---

[2] The Court entered a Pretrial Order and Case Management Plan which set forth the rules for discovery in this case. After the discovery deadline passed, Defendant Saine filed a motion for summary judgment and attached supporting exhibits, including evidence in the form of an affidavit from Officer Saine. The Court then entered an Order, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of his obligation to respond to the evidence filed by Defendant and of his opportunity to present admissible evidence to demonstrate that there was a genuine issue of material fact for trial. (Id., Doc. No. 36). Plaintiff was provided up to and including April 7, 2014, in order to file a response to the motion for summary judgment; however, he has filed no response to the motion nor has he sought an extension of time within which to file such a response.

summary judgment is appropriate. Id. at 249-50.

## III. DISCUSSION

### A. Defendant's Evidence

Defendant Saine has been an officer with the CMPD since September 25, 2006, and he is currently assigned to the Freedom Division as a member of the Focus Mission Team which has the responsibility of handling drug cases within the CMPD, and he has been with this division since September 2009. Officer Saine's duties on the Focus Mission Team include the investigation of drug activity which involves undercover operations and the purchase of drugs at the street level. In connection with his duties, Officer Saine has participated in ongoing training with both the CMPD and the Drug Enforcement Agency. (Doc. No. 35-3: Saine Aff. ¶¶ 2-3).

On October 25, 2010, Officer Saine was off-duty and working at the Studio 6 Hotel, which is located in Charlotte and has the reputation for frequent drug activity and prostitution. Although he was off-duty, Officer Saine was in uniform and was driving a marked vehicle. Studio 6 management had asked all off-duty officers that were working at the hotel to check occupied vehicles that were idle in the hotel's parking lot. Around 1:00 a.m. on October 26, Officer Saine observed two women and two men that were seated in a parked car in the hotel lot. (Id. ¶¶ 4-6).

Officer Saine approached the vehicle and observed Plaintiff in the backseat of the vehicle and witnessed him make a downward motion toward the front waistband of his pants in an apparent effort to conceal something. Officer Saine asked all four individuals if they could produce identification, but none of them were able to produce identification. Plaintiff told Officer Saine that his name was Carlos Davis and he provided a birth date. During this

interaction, Officer Saine smelled marijuana and immediately requested back-up officers and upon their arrival, Plaintiff removed all of the occupants from the vehicle and obtained consent to search the vehicle from the driver. Another officer searched the vehicle but failed to discover any marijuana. (Id. ¶¶ 7-11).

All of the occupants were secured in handcuffs and Plaintiff remained outside of the car. Officer Saine searched Plaintiff's waistband for contraband or for a weapon based on observing Plaintiff make downward movements toward his waist upon his approach to the vehicle. (Id. ¶ 12). Officer Saine next searched his police computer using the name and birthdate Plaintiff provided but he found no match in the system. Officer Saine then asked Plaintiff for his real name which he provided – William Morris – and he discovered that Plaintiff had two outstanding warrants for his arrest: one warrant for first-degree rape, and the other warrant for second-degree rape.

Officer Saine placed Plaintiff under arrest and then conducted a search incident to arrest. During this search, Officer Saine placed Plaintiff against the car during which time Plaintiff was compliant and offered no complaints about injury during the search. Following the search, another officer transported Plaintiff to the jail for processing on the outstanding warrants.[3]

B.     Claims for Relief

Defendant Saine has presented evidence through the testimony in his affidavit regarding the incidents that occurred during the night of October 25, 2010, and into the early hours of the following day. Plaintiff, despite being advised of his obligation to present evidence in response

---

[3] Copies of the warrants are filed in Doc. No. 35-5. Included with the warrants is a Transcript of Plea form that was executed in Mecklenburg County Superior Court on January 11, 2013. According to the Transcript of Plea, Plaintiff pled guilty to two counts of first-degree rape and two counts of indecent liberties with a child and a review of the website of the North Carolina Department of Public Safety shows that he was sentenced to a term of 22-years and nine months.

to Defendant's motion for summary judgment, has failed to do so. Rather, he responded with his second motion for appointment of counsel, the first of which was denied because he had failed to present adequate grounds. (Doc. No. 36). This second motion will likewise be denied because Plaintiff has failed to demonstrate that there is anything complex surrounding his allegations which have now been refuted by sworn testimony, and this is evidence to which Plaintiff has offered no proper response under Rule 56 of the Federal Rules of Civil Procedure.

While pro se complaints are to be construed liberally, Plaintiff's complaint is woefully short of a model of pleading. Plaintiff has alleged no specific cause of action, that is, a violation of his Eighth Amendment rights, or his Due Process rights as protected by the Fourteenth Amendment or his rights as protected by the Fourth Amendment. Instead, Plaintiff has presented a bare-boned set of allegations that refer to an arrest on the night of October 25 or 26, on warrants whose validity has never been reasonably challenged. In fact, it appears from the uncontested documents which Defendant has filed, that Plaintiff pled guilty to charges related to the warrants for his arrest and he is presently served a sentence of nearly 23 years in a North Carolina prison.

Nevertheless it appears that Plaintiff has alleged a Fourth Amendment violation related to the allegedly invasive search into his pants, and a claim of excessive force when Officer Saine searched him following his arrest. As the Court cautioned in the Roseboro Order, once the defendant offers admissible evidence, in this case the affidavit of Officer Saine and the supporting records, plaintiff may not merely rely on the allegations he has presented thus far, rather plaintiff must present "specific facts showing that there is a genuine issue for trial." Celotex Corp v. Catrett, 477 U.S. 317, 322 n.3 (1986) (quoting Fed. R. Civ. P. 56(e)). Put

another way, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 322-33.

      1.    <u>Unlawful or Unreasonable Search</u>

Plaintiff complains about the scope of the search Officer Saine conducted after placing him in handcuffs: "[W]hile I was in handcuffs he searched my whole body outside and inside of my clothing. He exposed my private part saying he knew I had drugs on me . . ." (Complaint at 4). In his affidavit, Officer Saine states that while off-duty and patrolling the parking lot of Studio 6 Hotel, he observed four individuals seated in a parked car in the parking lot. Plaintiff testifies that based on his experience, the Studio 6 Hotel has a reputation for frequent prostitution and drug activity, and as part of his duties at the hotel, he was asked by management to check on occupied vehicles that are stationary in the lot. Upon approaching the vehicle, Officer Saine observed Plaintiff make a downward motion which Officer Saine believed indicated that Plaintiff was trying to conceal something. While speaking with the occupants of the car, Officer Saine testifies that he smelled a strong odor of marijuana and he called for back-up officers to assist him at the scene. After the officers arrived, all of the occupants of the vehicle were secured with handcuffs and Officer Saine testifies as follows: "I did a pat down of the Plaintiff and checked his waistband for any drugs or weapons since I saw him make downward movements toward his waist as I approached the vehicle." (Doc. No. 35-3: Saine Aff. ¶ 12). Plaintiff does not mention

moving toward his waistband in his complaint or declaration and, as noted, Plaintiff has presented no evidence or any denial that could call the veracity of Officer Saine's sworn statement into question.

The Fourth Amendment was established to protect individuals from unreasonable searches and seizures. In the present case, Officer Saine freely acknowledges that he conducted a search of Plaintiff, including the inside of his pants. The question then is whether the search was unreasonable under the Fourth Amendment. "It is well settled that, in evaluating alleged violations of the Fourth Amendment, we must 'first undertake [ ] an objective assessment of an officer's actions in light of the facts and circumstances then known to him.'" United States v. Rooks, 596 F.3d 204, 210 (4th Cir. 2010) (quoting Scott v. United States, 436 U.S. 128, 137 (1978)). "In conducting such an assessment, we must uphold a police officer's actions— regardless of the officer's subjective intent—if sufficient objective evidence exists to validate the challenged conduct." Id. (citing United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008)).

Plaintiff complains that the search was overly invasive but Officer's Saine's actions in searching Plaintiff, and the scope of the search, easily comport with the facts of the situation. First, Officer Saine smelled marijuana immediately upon speaking with Plaintiff. "[A]n officer who has reasonable suspicion to believe that a vehicle contains illegal drugs may order its occupants out of the vehicle and pat them down for weapons." Id. (citing United States v. Sakyi, 160 F.3d 164, 169 (4th Cir. 1998) (observing that guns are commonly found with drugs). Second, Officer Saine's concern was no doubt heightened by his unrefuted observation that as he approached the vehicle, Plaintiff moved downward as though he were trying to conceal something and Officer Saine was arresting Plaintiff on two outstanding warrants which alleged

violent felonies and he knew that he would be soon be transported to the police station. Finally, Officer Saine testified that the Studio 6 Hotel was well known for prostitution and illegal drug activity. These observations, and Officer Saine's extensive training and experience fail to support Plaintiff's contention that his search was unlawful and this claim will be dismissed.

2.    Excessive Force

Plaintiff next contends that Officer Saine used excessive force when he was handcuffed and in the process of searching him incident to his arrest. A seizure that is carried out through the use of excessive force is in violation of the Fourth Amendment. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013) (citing Waterman v. Batton, 393 F.3d 471, 476 (4th Cir. 2005)). In assessing whether an officer has employed excessive force, courts are instructed to apply a "standard of objective reasonableness." Cooper, 735 F.3d at 158 (quoting Clem v. Corbeau, 284 F.3d 543, 550 (4th Cir. 2002)). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Graham v. Connor, 490 U.S. 386, 396 (1989) (internal quotations and citations omitted). In sum, "the question is whether the totality of the circumstances justifie[s] a particular sort of . . . seizure." Id. (quoting Tennessee v. Garner, 471 U.S. 1, 8-9 (1985)). The Fourth Amendment jurisprudence of the Supreme Court "has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Id. (citation omitted).

The evidence in this case demonstrates that Officer Saine had probable cause to detain Plaintiff after he noticed the strong smell of marijuana and to arrest him after discovering that he

had two outstanding warrants that were issued in Mecklenburg County. Officer Saine denies using excessive force during the search incident to arrest and avers that Plaintiff was compliant during the search and voiced no complaints regarding injury during the arrest. This is Defendant's sworn evidence. If Plaintiff had chosen to respond to the motion for summary judgment, he could have offered a picture of his alleged injury – or even identified which tooth was allegedly damaged – or  an affidavit from any one of his three companions that supported his claim of injury, or if he sought medical treatment, then he could have produced medical records related to such treatment. Furthermore, there are no allegations in the complaint or in his declaration that Plaintiff ever complained to prison officials or sought medical treatment or that he suffered lingering pain over the alleged excessive use of force.

For the foregoing reasons, the Court finds that Plaintiff has failed to establish that Officer Saine employed excessive force during his arrest and this claim will be dismissed.

IV. **CONCLUSION**

The Court finds that the evidence of record demonstrates that Plaintiff has failed to show that there is a genuine issue of material fact for trial. Accordingly, Defendant's motion for summary judgment will be granted.

**IT IS, THEREFORE, ORDERED** that Defendant's motion for summary judgment is **GRANTED**, (Doc. No. 35), and Plaintiff's complaint is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's second motion for appointment of counsel is **DENIED**. (Doc. No. 38).

The Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Signed: September 12, 2014

9

Robert J. Conrad, Jr.
United States District Judge